[Civil No. 3488.   Filed June 13, 1934.]

[33 Pac. (2d) 599.]

ANTONIO UJEVICH, Petitioner, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Mr. Austin O'Brien, for Petitioner.

Mr. Don C. Babbitt (Mr. Emil Wachtel, on the Brief), for Respondents.

ROSS, C. J.—This is an industrial accident case. In a former opinion we stated the facts. 42 Ariz. 276, 25 Pac. (2d) 273. The injuries sustained by

Ujevich were fractures of the tibia and fibula of the right leg and a fracture of the upper third of the femur of the left leg. Our holding was that for such injuries he should receive compensation as for temporary total disability, and for permanent partial disability under (u) of subdivision (C), of section 1438, Revised Code of 1928. The injuries to the right leg were temporary only and caused no permanent disability. They had been fully compensated. The injury to the femur of the left leg was permanent partial, causing a partial loss of use of the leg. Because the commission had not computed or ascertained the percentage of the loss of the use of the left leg as compared with the total loss by separation, the award was vacated. In our opinion we also said:

"The petitioner, it appears, in addition to the injury to both of his legs, suffered an injury or fracture of the left hip bone at its juncture with the shaft of the femur. An injury to the hip is not classified and specifically compensated under subdivision (C) of section 1438. If, as a matter of fact, such injury contributed in any way to the disablement of the petitioner to work, he should be compensated therefor under (w) of said subdivision (C); such compensation to be calculated according to the formula in (w)."

On December 2, 1933, and subsequent to the decision of this court, the commission, after receiving additional evidence, found that Ujevich had been disabled in his left leg 30 per cent., and amended the award to compensate him for fifteen months at $74.75 monthly. The motion for rehearing was based upon the contention that the percentage of the disability found was incorrect and that the injury was classified as one of the leg, whereas it should have been, under the evidence, classified as an injury to his hip.

Petitioner complains because the commission failed to have a formal hearing of the case at which he might cross-examine adversary witnesses and submit

the oral testimony of himself. In his motion for re-hearing he made no such complaint. In fact the record shows he seemed to acquiesce in the method pursued. This point not having been urged before the commission comes too late.

On the merits the petitioner now contends that the injury to the left femur is not an injury to his leg for which specific compensation is granted, but falls within (w) of subdivision (C), of section 1438. He cites many medical and dictionary definitions of the word "leg," which state it to be that portion of the limb consisting of the patella, tibia and fibula, or from the ankle to the knee. We have no quarrel with these anatomical definitions, but the question is, What does the word mean as used in our Compensation Law? We think it is used in the sense of its common and accepted meaning, which is, according to Webster's New International Dictionary:

"A limb or member of an animal used for supporting the body, and in running, climbing, or swimming; sometimes, specif., that part of the limb between the knee and the foot." *Reno* v. *Holmes,* 238 Mich. 572, 214 N. W. 174.

The human body has two arms and two legs, or four limbs. A complete arm, in common parlance, extends from where it connects with the shoulder blade to the hand; and a complete leg extends from where the ball of the femur fits into the socket of the hip to the ankle or foot. Section 1438, subdivision (C), divides these limbs of the human body, for the purpose of fixing specific compensation, into parts. For instance, from (a) to (k), inclusive, the compensation for the digits of the four limbs is fixed at so much for the whole of each one of them and also for parts thereof. For such purpose the hand is likewise divided into a major and a minor hand (*l*); the arm into a major and a minor arm (m); the leg into a foot (n) and into a leg (*o*); and it is provided in

(t) that "the permanent and complete loss of the use of a finger, toe, arm, hand, foot or leg may be deemed the same as the loss of any such member by separation."

Thus there is manifest an intention upon the part of the legislature to provide specific compensation for the four limbs; and for that purpose the limb we walk, run, swim and climb with is divided into digits and into a foot and into a leg; this last word being used in its commonly understood meaning. We conclude, as we did in our former opinion, that the femur is a part of the leg, and an injury to it should be compensated under (u) and (o) subdivision (C) of section 1438.

The commission found: "That the evidence is insufficient to establish that there was any disabling injury to the left hip or to the pelvis girdle, and further that the evidence is insufficient to establish that there was any disability of a permanent nature affecting the applicant's left hip, or any other part of his body except" the femur of the left leg.

The petitioner contends that this finding is not supported by, but is contrary to, the evidence. There is not much dispute in the medical reports of the several doctors who diagnosed the petitioner's injuries. Dr. William B. Watts, Jr., writing the commission as of the date of November 22, 1933, makes the following statement:

"Referring to the case of Tony Ujevich injured on November 17, 1928 while working for the Inspiration Consolidated Copper Company. As roentgenologist for the Miami-Inspiration Hospital I had occasion to X-Ray him immediately after his admission to the hospital, and from time to time thereafter until the date of his release, and on one or two occasions subsequent to his release. There was at no time any evidence of injury of the left hip joint or of the bones entering into the formation of the hip joint. The fracture of the femur did not involve the joint

structures. On no occasion subsequent to the initial examination was there any evidence to justify a diagnosis of injury to the left hip joint.

"There seems to have crept into the records a description (lipping of the borders of the acetabulum) which might lead to the incorrect inference that the so-called lipping was the result of the injury sustained on November 17, 1928. The condition here referred to was found in the X-Ray films made on the first examination and the condition was present to a greater extent on the right than on the left side. It could not possibly be the result of recent trauma as the process is one of bone proliferation and must always be regarded as a result of a chronic condition such as arthritis or certain other systemic diseases. Changes incident to age may produce a similar appearance. This would be considered as a physio pathological change."

The character and location of the injury to petitioner's left leg and the absence of injury to his hip, as described by Dr. Watts, is concurred in by Drs. R. F. Palmer, J. M. Greer, John E. Bacon, and by W. W. Watkins of the Pathological Laboratory of Phoenix. The petitioner submitted to the commission a report of Dr. F. T. Fahlen, in which he corroborates the. diagnoses "of the record" of petitioner's case, and states:

"In addition he (Ujevich) has a scar of an incision on the outer side of left hip extending into the gluteal region. . . . It is my opinion that due to the hip injury this man's disability for work is about 30%."

If this rather sketchy and vague statement should be construed as positive evidence that Ujevich was suffering from an injury to his hip, it would at most create a conflict in the evidence for the commission to pass upon.

Because when we wrote the former opinion the record seemed to indicate that Ujevich might have suffered injuries to his left hip, we suggested that,

if such was true, he should be compensated under (w), of subdivision (C) of section 1438, for such injuries. The commission has considered the evidence submitted on that question and has found against petitioner.

The award is affirmed.

LOCKWOOD and McALISTER, JJ., concur.