405 P.2d 296

**Robert ECK, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona and Kennecott Copper Corporation, Respondents.***

**No. 1 CA–IC 36.**

Court of Appeals of Arizona.

Aug. 31, 1965.

---

\* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8553. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Leonard N. Sowers, Kearney, Minne & Sorenson, Phoenix, for petitioner.

Fennemore, Craig, Allen & McClennen, by John J. O'Connor, III, Phoenix, for respondent Kennecott Copper Corp.

CAMERON, Judge.

Petitioner brings a Writ of Certiorari to review the lawfulness of an award of the Industrial Commission denying compensation for an alleged injury to a pre-existing cervical spine condition. The facts as are necessary for a determination of this matter on appeal are as follows:

On 11 October, 1963, petitioner slipped and fell on a "concentrate" overflow at the Kennecott Mill in Hayden, Arizona. Petitioner was on the job at the time and the accident was reported to the foreman and the safety department at once. Petitioner was taken to Kennecott Hospital in Kearney, Arizona. The hospital records indicate that petitioner was complaining of pain in his right wrist. An x-ray was taken and the record contains a notation, "right wrist slightly swollen." Dr. Lindsey who was employed by the respondent, Kennecott Copper Company, read the x-ray and entered the notation on the record. The medical examination was limited to the wrist and petitioner was returned to work. Petitioner continued to work but asked for and received light duty.

Petitioner testified that his wife was treating him at home and that he didn't report his "painful condition" because he wanted to avoid a lost time accident. In December of 1963, his foreman drove petitioner to Globe, Arizona, in order that petitioner might receive treatment from a chiropractor. The foreman testified that petitioner did not mention any connection between the 11 October, 1963, accident and the pain which prompted him to have this treatment. On 8 December, 1963, there is an entry on petitioner's record at the Kennecott Hospital of out-patient treatment for stiff neck and pain from the cervical area, radiating down the left arm to the fifth finger, with this notation, "No history of injury or strain." At that time, an x-ray was made of the cervical spine which was diagnosed as "Osteo-arthritis C-6, C-7." Petitioner was treated again for left shoulder pain on 18, 19, 20 December, 1963, and 4, 10, 18 January, 1964. On 18 January, 1964, there is an entry, "Patient now claims neck injury was industrial on October 11, 1963." Petitioner was then referred to a Dr. Fonseca in Tucson, who saw him on 24 January, 1964.

On 24 March, 1964, the Commission issued a finding and award allowing compensation to petitioner for an injury to his right wrist and denied liability for a "non-industrial cervical spine condition." Petitioner filed a timely protest of this award, insofar as it denied liability for the cervical spine condition.

Hearing was held 3 June, 1964. The only issue was whether the cervical spine injury arose as a result of the industrial accident of 11 October, 1963. The referee filed his report after the hearing indicating that in his opinion the petitioner had introduced sufficient evidence to show that the cervical spine condition was the result of the industrial accident of 11 October, 1963, and was therefore compensable.

On 9 July, 1964, the Chief Referee, C. E. Singer, filed a memorandum over-ruling the hearing referee's findings on three bases: (1) That the petitioner was treated 11 October, 1963, for an injury to the right wrist, while all other later complaints had been of a pain of the left neck, shoulder and back area, (2) That there was a conflict in the medical testimony as to whether this was a cervical spine injury showing "a mild degree of osteo-arthritic change" or whether it was a "herniated disc", and (3) The testimony of Dr. Ehrmann, a med-

ical doctor, that on 8 December, 1963, petitioner complained to him of pain in his neck and shoulder, but in response to specific questioning regarding the injury that the petitioner did not claim an industrial injury. Dr. Ehrmann testified as follows:

"Question: You say you took some x-rays. Just go ahead and tell us what transpired on that day.

Answer: Mr. Eck related that he had a stiff neck, as he called it; pain on the left side of the neck radiating to the left shoulder and down the left arm end ending in the fifth finger of the left hand. I inquired at the time as to whether he had a recent injury, an accident or anything to which he could refer this pain, and his reply at this time was 'no'. He did not recall any immediate—any injury in the immediate past which he could relate to this pain. An examination was carried out at that time, and I suspected the presence of a nerve compression, a neuritis involving the ulinary nerve on the left, possibly due to a neck injury. And for this reason we took some neck x-rays on that date, on December 8th."

On 24 July, 1964, the Commission affirmed its findings and award of 24 March, 1964, which found the right wrist injury compensable and the cervical spine injury non-industrial and non-compensable. Petitioner brings this Writ of Certiorari to review the award.

■ The issue before this Court is whether or not the findings and award of the Commission can be sustained upon the record now before the Court. If the Commission's findings are reasonably supported by the evidence, then the findings must be sustained. Our Supreme Court has stated:

"This court does not weigh testimony or resolve conflicts therein. It only searches the record to see whether the commission's findings are reasonably supported by the evidence. The commission's findings must be sustained if the facts do reasonably support the inference drawn or the legal conclusion reached and every presumption is in favor of the action of the commission." Ratley v. Industrial Commission, 74 Ariz. 347 at 349, 248 P.2d 997 (1952).

See also: Russell v. Industrial Commission, 98 Ariz. 138, 402 P.2d 561 (1965).

■ The actions of the petitioner in regard to the injury of the back while it can be said that they are explainable, at the same time are certainly inconsistent. The medical testimony indicated that had petitioner sustained an injury to his back on 11 October, 1963, that he would have in all probability incurred immediate pain and discomfort in that area, and the failure of petitioner to bring this fact to the company doctor was certainly a matter that the Industrial Commission might consider in determining this case.

As has been stated:

"The petitioner's prior inconsistent actions and words are not merely impeachment, but are admissions against interest which constitute substantive evidence in the case to be considered and weighed as other evidence." Schulze v. Industrial Commission, 94 Ariz. 35 at 40, 381 P.2d 577 (1963).

■ The medical testimony and the facts in this case being clearly disputed, it is not the duty of this Court to pick and choose among the conflicting facts and bits of evidence and arrive at a decision. We might well have sustained the decision of the referee in awarding compensation had the Industrial Commission done so, but the Commission being the trier of fact, the responsibility of making the selection among the conflicting bits of evidence rested with the Commission.

"* * * as trier of the facts it is the privilege and duty of the commission—and not of this court—to resolve all conflicts and draw warranted inferences; * * * where two inferences may be drawn, the commission is at liberty to choose either, and its con-

clusion will not be disturbed unless it is wholly unreasonable; * * *." Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 351, 352, 306 P.2d 272, 276 (1957).

The award is affirmed.

STEVENS, Chief Judge, and DONOFRIO, J., concur.