406 P.2d 451

**John LA RUE, Petitioner,**

**v.**

**The ASHTON COMPANY, Inc., Respondent, the Industrial Commission of Arizona, Respondent Insurance Carrier.***

**No. 1 CA–IC 35.**

Court of Appeals of Arizona.

Oct. 18, 1965.

Rehearing Denied Feb. 16, 1966.

Review Denied March 8, 1966.

Hirsch, Van Slyke, Richter & Ollason, by Lawrence Ollason, Jack T. Arnold, Tucson, Howard A. Kashman, Tucson, for petitioner.

Robert K. Park, Chief Counsel of Industrial Commission of Arizona, Robert A. Slonacker, Glen D. Webster, Phoenix, for respondent.

STEVENS, Chief Judge.

The answer to the problem presented to the Court in this matter is found in the proper definition of the leg of the human being in relation to industrial compensation. Unfortunately, the anatomical definition and the legal definition are not identical.

Mr. La Rue sustained a compensable industrial injury when he broke his left

* The Petition was filed with the Arizona Supreme Court and assigned that Court's Number 8366. The Arizona Supreme Court issued its Writ of Certiorari. The matter was referred to this Court pursuan to Section 12–120.23 A.R.S.

femur a short distance below the ball which fits into the hip socket. This was the only injury. There was no injury to the socket or to the pelvis. He was granted compensation for "a scheduled injury" and in the matter now before us he urges that he should have been granted compensation for "an unscheduled injury". Scheduled injuries are those which are set forth in Subsection B of § 23–1044, A.R.S. This Subsection contains an arithmetic formula for the computation of the award for "permanent disability" resulting from injury to the members of the body which are listed in this subsection without regard to the effect that the injury or loss may have upon the earning capacity of the individual workman. In paragraph 15 thereof, we find the formula "For the loss of a leg * . * * " and in paragraph 21 thereof, we find the formula "For the partial loss of use of a * . * * leg * * .*." In awarding compensation in this matter the Commission applied Subsection B.

Subsection C of § 23–1044 relates to injuries not enumerated in Subsection B, a different method of computation of compensation is used based upon " * * * the difference between his average monthly wages before the accident and the amount which represents his reduced monthly earning capacity resulting from the disability *. * .*." There are instances where if a given injury in relation to a particular person could be considered to be an unscheduled injury, the amount of compensation could be higher and the period of compensation could be longer. In the case of Ujevich v. Inspiration Consolidated Copper Company, 44 Ariz. 16, 33 P.2d 599 (1934), the Supreme Court had under consideration the matter of the injury to the left femur and the contention that the medical definition of the word "leg" was limited to that portion of the anatomy between the ankle and the knee. The court considered the word leg as the same used in the compensation law and made the following declaration (page 18 of the Arizona Reports, page 600 of 33 P.2d):

> "The human body has two arms and two legs, or four limbs. A complete arm, in common parlance, extends from where it connects with the shoulder blade to the hand; and a complete leg extends from where the ball of the femur fits into the socket of the hip to the ankle or foot."

Mr. La Rue's injury was to that portion of the body included within the above definition of the leg. Medically the injury was within that region of the body known as the "pelvic girdle" or as "the hip area". In effect, Mr. La Rue urges that we should abandon the legal definition contained in Ujevich and adopt the medical definition, the result of which would be that the injury would be changed from the classification of a scheduled award to the classification of an unscheduled award. If the definition is to be changed, it appears to this Court that the remedy is by the legislative process.

The award is affirmed.

CAMERON and DONOFRIO, JJ., concurring.