424 P.2d 468

**Brady M. GARRISON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Standard Oil Company of California, Standard Stations, Inc. (California Chemical Company), Respondents.**

**1 CA–IC 121.**

Court of Appeals of Arizona.

March 10, 1967.

Donald J. Morgan, Phoenix, for petitioner.

Ryley, Carlock & Ralston, by Joseph P. Ralston, Phoenix, for respondent Employer.

Robert K. Park, Chief Counsel, by Glen D. Webster, Phoenix, for respondent Commission.

STEVENS, Judge.

By writ of certiorari the petitioner seeks to review the action of The Industrial Commission of Arizona in relation to two claims numbered TC 372 and TC 963.

At the time of the industrial incidents in question, the petitioner was 26 years of age. Prior to his employment by the respondent employer his livelihood was derived, in the main from his abilities as a truck driver. He had some experience as an owner-operator of trucks. The majority of his trucking experience was in connection with the construction industry. The petitioner had two periods of employment with the respondent employer, the first, having terminated with a layoff due to economic conditions. He was re-hired when there was an opening. Prior to each period of employment, he submitted to a physical examination conducted by Dr. Porter. These examinations were conducted in July and in November 1964. Both examinations were negative and the petitioner was employed without limitation as to his physical activities. His employment for the respondent employer was first basically as a warehouseman and later he was promoted to truck driver. His duties as a truck driver did not exempt him from the heavy physical activity of loading and unloading and he also performed functions incident to the receipt of shipments and warehousing.

On 24 May 1965, while moving and storing 80 pound sacks of fertilizer, the petitioner experienced his first back trouble, a low back sprain. He was attended by Dr. Porter. This incident is the subject of Claim TC 372. He made an apparent recovery which was rapid and uneventful, returning to fulltime employment shortly after the incident. He was instructed in the art of lifting and bending prior to his return to employment.

On 25 October 1965, while engaging in a similar service for his employer, an exertion extending over a prolonged period of time, he sustained a similar and more severe back sprain and was again treated by Dr. Porter. This industrial incident is the subject of Claim TC 963.

It is not necessary to the proper consideration of this matter to review the procedural steps leading up to the hearing which was held on 28 July 1966. In that hearing, Dr. Porter and Dr. Aidem testified. The doctors were in agreement that there was no present physical disability as a result of the industrial incidents; however, the occurrence of the incidents suggested the petitioner had an unstable back, and therefore that he should avoid heavy and prolonged lifting as a preventative precaution, to avoid the possibility of a recurrence of the back strain.

The petitioner testified that he was informed by the respondent employer's foreman, the petitioner's immediate superior, that the reason for his 10 December 1965 layoff was: "Medical reasons; unable to

continue the job." No witness was called to refute this testimony. The petitioner made reasonable efforts to find employment in the driving field and on 1 May 1966, secured employment as an equipment salesman, a position which he was holding at the time of the July hearing. The record indicates that the employment situation was difficult and that many persons having a higher union standing than the petitioner were waiting for truck driver's employment. The petitioner testified that it was his understanding that the industrial incidents and the straining of his back might have been a factor in his inability to secure employment other than through the union hall.

At most, there was conflict in the evidence. The Commission resolved the conflict against petitioner, which we will not set aside. "Privilege and duty of resolving conflicts in evidence rests on Industrial Commission." Eck v. Industrial Commission, 1 Ariz.App. 505, 405 P.2d 296 (1965). We express no opinion as to the petitioner's privilege to seek further compensation upon an appropriate future showing.

The award is affirmed.

CAMERON, C. J., and DONOFRIO, J., concur.