431 P.2d 300

**William S. ARNOTT, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent.**

**No. I CA–IC 127.**

Court of Appeals of Arizona.

Sept. 12, 1967.

Rehearing Denied Oct. 6, 1967.

Review Granted Nov. 14, 1967.

Donald J. Morgan, Phoenix, for petitioner.

Robert K. Park, Chief Counsel, by Glen D. Webster, Phoenix, for respondent.

CAMERON, Chief Judge.

This is a writ of certiorari to review the lawfulness of an award and finding of the Industrial Commission of Arizona.

We are called upon to determine whether the facts support the Commission's finding that petitioner's disability is to be computed under the scheduled disability portion of the Workmen's Compensation Law, § 23–1044, subsec. B, A.R.S., or as petitioner contends § 23–1044, subsec. C, A.R.S., as an unscheduled disability.

The facts necessary for a determination of this matter are as follows. Petitioner was injured in the scope and course of his employment as a rehabilitation agent with the Industrial Commission of Arizona. On 24 July 1963 he was driving his automobile north on 15th Avenue in Phoenix, Arizona, when it was struck from the rear by another automobile. Petitioner's injuries were diagnosed at this time as acute low back sprain and strain. The Commission issued an award and finding on 28 March 1966, reaffirmed in a later award of 25 April 1966, which found that the petitioner suffered a slight limitation of the motion in his upper left extremity that constituted a permanent partial disability equal to a 1% loss of function of the left upper arm. In two successive hearings at which three doctors testified, the medical authorities were in substantial agreement with regard to petitioner's condition. They testified that petitioner's condition was stationary, and while he had some limitation of motion in the left shoulder which manifests itself in a slight limitation of motion in the left arm, it was so slight that they could not classify it as a disability. Both doctors stated that the limitation did not interfere with the petitioner's normal motion and therefore was not disabling. A third doctor testified that,

"* * * The limitation of motion of the shoulder such as Mr. Arnott has, though it does represent some decrease in function of that particular extremity, it does not represent a disability."

When he was pressed to evaluate the percentage loss of function of the upper extremity he answered:

"Well, I would say less than one percent."

The following exchange took place:

"Q: By 'upper left extremity' are you including the left arm from the wrist to or/and including the shoulder?

"A: I am including the fingers, hand, forearm, and upper arm and shoulder."

At a second hearing on 19 September 1966 petitioner's attending physician testified. It was his opinion that the petitioner suffered a nerve root irritation as a result of the automobile accident of July 1963. He testified that he had treated the petitioner for injuries suffered in a subsequent non-industrial automobile accident that occurred on 17 March 1966 which was also a rear-end collision. In addition, he suffered injuries from a non-industrial accident in May of 1965 for which he received treatment and x-rays at the Veteran's Hospital.

▆▆▆▆ We have previously stated that where there is a conflict in the medical testimony and the Commission has resolved that conflict, we will sustain the Commission:

"* * * [I]t is not the duty of this Court to pick and choose between conflicting facts and bits of evidence and arrive at a decision. * * * The Commission being the trier of fact, the responsibility of making the selection among the conflicting bits of evidence rested with the Commission." Eck v. Industrial Commission, 1 Ariz.App. 505, 507, 405 P.2d 296, 298 (1965).

In the instant case the facts are ample from which the Commission could find that the petitioner suffered a whiplash injury to the back which resulted in a 1 percent disability to the arm. Therefore, we must consider whether this is a scheduled or unscheduled disability under our statutes. The findings of the Commission are as follows in part:

"3. That as a result of his industrial accident claimant has a slight limitation of motion of his left upper extremity.

"4. That this limitation of motion constitutes a permanent partial disability equal to a 1% loss of function of the left upper arm, which would "entitle him to the sum of $87.50 for ¼ month at 50% of his average monthly wage.

"5. That claimant has no residual physical disability attributable to his industrial accident."

Section 23–1044 A.R.S. reads in part as follows:

"B. Disability shall be deemed permanent partial disability if caused by any of the following *specified injuries,* and compensation of fifty-five percent of the average monthly wage of the injured employee, in addition to the compensation for temporary total disability, shall be paid for the period given in the following schedule:

"13. For loss of a major arm, sixty months, or of a minor arm, fifty months. * * *

"20. The permanent and complete loss of the use of a finger, toe, arm, hand, foot or leg may be deemed the same as the loss of any such member by separation.

"C. In cases not enumerated in subsection B of this section, where the *injury* causes permanent partial disability for work, the employee shall receive during such disability compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the amount which represents his reduced monthly earning capacity resulting from the disability, but the payment shall not continue after the disability ends, or the death of the injured person, and in case the partial disability begins after a period of total disability, the period of total disability shall be deducted from the total period of compensation." (Emphasis ours.)

The Supreme Court of Arizona has held that where there are multiple injuries and multiple disabilities the injured workman should be treated as an unscheduled injury (A.R.S. 1044, subsec. C). In a case wherein the workman suffered a fifty percent limitation of motion in the neck, limitation of motion and disabling pain in the left shoulder, disabling headaches following efforts to use the arm or neck, and loss of grip in the left hand the Arizona Supreme Court stated:

"The situation before us, as we see it, is not that of a specific scheduled injury from which has flowed other allegedly disabling results, of Annotation—Workmen's Compensation—Disability, 156 A.L.R. 1344. Rather it is one wherein multiple disabling injuries have been categorized as one scheduled injury (15% loss of use of the arm) and thus treated as but a disability of the arm. The legal problem presented is whether the record sustains such a conclusion. We think it does not."

The Supreme Court went on to state:

"The petitioner having suffered multiple injuries which have not healed, we hold the residue of such injuries cannot now be compounded and compensated as a 'scheduled injury' to the arm. The Commission therefore erred in not treating this as a case falling under the 'odd lot' or nonscheduled injuries which are compensable under subdivision C of Section 23–1044, A.R.S.1956." Scott v. Industrial Commission, 80 Ariz. 280, 285, 286, 296 P.2d 954, 957, 958 (1956).

In the instant case petitioner suffered an injury to the back. Back injuries are not listed as one of the "specific injuries" set forth in Subsection B of A.R.S. § 23–1044, but should be compensated under Subsection C of A.R.S. § 23–1044 as an unscheduled or "odd lot" injury. It was error for the Commission to treat the unscheduled injury to the back as a scheduled injury to the arm.

Award set aside.

DONOFRIO and STEVENS, JJ., concur.