466 P.2d 783

Sylvia MERRILL, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

State of Arizona–State Auditor (Arizona State Legislature, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 318.

Court of Appeals of Arizona, Division 1. Department A.

March 24, 1970.

Rehearing Denied May 6, 1970.

Review Denied May 26, 1970.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to determine the lawfulness of an Award and Findings of the Industrial Commission issued on June 13, 1969, awarding petitioner scheduled permanent disability for 10% impairment of the function of her right foot.[1]

The petitioner was injured on February 1, 1966, when she slipped and fell on the sidewalk while performing her duty as a Senate attache. Her claim for workmen's compensation benefits was accepted, and surgery was performed on both her left foot and her right foot as the result of the injuries she sustained.

After extensive treatment of her feet, the petitioner was seen in group medical consultation on March 8, 1968, and it was recommended that she be discharged with a 10% functional loss of the right foot, and no functional impairment of the left foot, as the result of her injury. The Commission issued an award along the lines recommended by the consultation group, on April 16, 1968. This was protested, and a hearing was held on March 11, 1969. The award complained of corrected an error in the petitioner's average monthly wage, but concurred with the previous award and finding that she suffered only a 10% loss of function of the right foot, a scheduled injury.

Petitioner urges that she is entitled to an unscheduled disability award on any one of three theories:

1. Having received multiple scheduled injuries as the result of a single industrial accident;

Gorey & Ely, by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

1. This case was decided under the law as it existed prior to January 1, 1969.

**566**

.2. Having received injuries from an industrial accident, and having a preexisting disability;

3. Having sustained an industrial injury from which she suffered complications resulting from the course of medical treatment.

■ It is the burden of the applicant for workmen's compensation to show affirmatively all of the essential material elements necessary to sustain an award. Enyart v. Industrial Commission, 10 Ariz.App. 310, 458 P.2d 514 (1969).

■ The question of whether the injury or the resulting disability is controlling in determining awards for compensation was settled by Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968), in which the court indicated that the site of the disability remaining following an injury controlled what the award of compensation should be. This case was followed by this Court in Heredia v. Industrial Commission, 10 Ariz.App. 507, 460 P.2d 43 (1969).

■ The petitioner urges that there was substantial evidence in the record supporting her contention that she suffers multiple disabilities to both feet as the result of her accidental injury. The privilege and duty of resolving conflicts in the evidence in compensation proceedings rests on the Industrial Commission. Nye v. Industrial Commission, 5 Ariz.App. 165, 424 P.2d 207 (1967); Garrison v. Industrial Commission, 5 Ariz.App. 177, 424 P.2d 468 (1967). Where a case calls for expert testimony, the Court of Appeals will not substitute its opinion for that of the Industrial Commission where the Commission has resolved the conflict in medical testimony. Frizzell v. Industrial Commission, 6 Ariz.App. 293, 432 P.2d 152 (1967); Brewer v. Industrial Commission, 9 Ariz.App. 319, 451 P.2d 897 (1969).

■ A review of the record indicates that there is some conflict in the medical evidence, and that there is medical evidence in the record which reasonably supports the award and finding of the Commission. In this case, the treating physician, Dr. M. S. MacCollum, an orthopedic surgeon, testified that although the petitioner's left foot had some abnormalities, these were not disabling. It is the opinion of the Court that the fact situation is analogous to that presented in Wollum v. Industrial Commission, 100 Ariz. 317, 414 P. 2d 137 (1966), in that the prior disability must be shown to have affected the earning capacity of the claimant at the time of the subsequent injury, which the claimant here, as in Wollum, was unable to do.

Petitioner's third proposition, to the effect that she suffered a disability as the result of the medical treatment she received for her initial injury does not find adequate support in the record.

For the reasons set forth above, the award is affirmed.

STEVENS and CAMERON, JJ., concur.