467 P.2d 245

**Ernest TORREZ, Petitioner,**

**v.**

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Merritt-Chapman & Scott Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 297.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 6, 1970.

Rehearing Denied May 6, 1970.

Review Denied June 2, 1970.

———◆———

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Shimmel, Hill & Bishop, by Richard T. Ball, Phoenix, for respondent Employer Merritt-Chapman & Scott Corporation.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondent State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before the Court by writ of certiorari to determine the lawfulness of an award of the Industrial Commission issued on April 21, 1969, denying a rehearing, and affirming an award issued on January 8, 1969 which determined that the applicant was entitled to three $4.68 shoe lifts per calendar year (medical benefits) and had no increased disability.

The petitioner jumped off a loading dock and twisted his left knee on December 5, 1962 when he was 37 years of age. He had three different surgical procedures for the repair of the injured knee, all of which proved unsuccessful. On February 1, 1965 an arthrodesis (surgical fixation of the joint) of the left knee was performed. Pe-

titioner was seen by a group consultation on September 29, 1965 and the group determined that following the removal of the internal fixation devices (plates) his case could be closed with a 35% functional loss of the left leg. By the award of January 19, 1966, petitioner was discharged as recommended as of January 4, 1966. The claim was reopened for medical benefits on October 11, 1967 at which time petitioner was fitted with a built-up left shoe. This was protested, and a hearing was held on September 25, 1968. The referee issued recommendations on which the Commission based the award which was finalized with the award of April 21, 1969, which has been appealed here.

The question before the Court is whether the award of the Commission is reasonably supported by the evidence.

It is the function of the Court of Appeals when petitioned to review Industrial Commission awards to determine whether the evidence before the Commission reasonably supports its decision, and not to try the case anew. Andreason v. Industrial Commission, 6 Ariz.App. 434, 433 P.2d 287 (1967). The Commission's findings, as trier of facts, must be sustained if reasonably supported by the evidence. Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968). However, when the evidence before the Industrial Commission is such that the only reasonable interpretation of it is one that leads to a conclusion different from the one reached by the Commission, the reviewing court has no alternative but to set the award aside. Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968).

We said in Merrill v. Industrial Commission, 11 Ariz.App. 564, 466 P.2d 783 (Filed March 24, 1970):

"The question of whether the injury or the resulting disability is controlling in determining awards for compensation was settled by Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968), in which the court indicated that the site of the disability remaining following an injury controlled what the award of compensation should be. * * *"

The Supreme Court in Gullick v. Industrial Commission, 94 Ariz. 237, 383 P.2d 123 (1963) stated:

"* * * The legal responsibility for workmen's compensation benefits arises upon the occurrence of an injury by accident in the course of the employment and extends to the physical and mental consequences which are traceable to the accidental injury. * * *"

Dr. T. H. Taber testified as follows with regard to petitioner's back problems:

"A I think that the medical probabilities would be pretty certain that his back symptoms were related to a short lower extremity. This is a medical situation that we are certainly all aware of, even a layman knows if he has a short leg he is liable to strain his back and leg and have symptoms."

Dr. Taber did not feel that the complaints and symptoms of the right leg were "probably" related to the shortened left leg. He did, however, admit that they could "possibly" be related. He testified that he had found a mild effusion, or swelling, and increase in fluid in the right knee upon his examination in August.

Dr. Clyde J. Barker, Jr., M. D., examined the petitioner for the Welfare Department. Dr. Barker stated that petitioner gave him a history of his stiff left knee, and told him that walking on the stiff knee caused his right knee to hurt, and caused him to have lower back pain. Dr. Barker was asked if such complaints were consistent with walking on a short leg for a good length of time and having a stiff knee. When given the additional factor that there was no intervening cause or injury, he answered that it would be probable that walking on the shortened leg caused the symptoms.

Roger L. O'Toole, M. D., a physician practicing at the Veteran's Hospital, examined the petitioner in November 1967 for the purpose of rating him for possible veteran's benefits. Dr. O'Toole noted sco-

liosis to the left of the lower thoracic and upper lumbar spine of approximately three-fourths of an inch. He also noted a pelvic tilt downward and left, approximately one and one-half to two inches, and that the left lower extremity was one and one-half inches shorter than the right. He noted an atrophy of two inches of the left thigh at all levels as compared to the right thigh. He found that the right knee was normal ·except for coarse patella-femoral crepitation with passive extension and foot flexion. Dr. O'Toole testified as follows:

"Q   Doctor, given the history that was related to you by me and by the claimant, or by the Veteran at the time of his examination, is it reasonable and probable that barring any other accidents or injuries that the strain of walking on this injured knee has caused him discomfort in his back and the limitations and crepitations in the right knee?

"A   Yes."

■   It is the opinion of the Court that the medical evidence is such that reasonable men can reach only the conclusion that the petitioner's symptoms are the result of the stiffening and shortening of the left leg, and that legal causation exists between the accident and the subsequent disabilities. In Pena v. Industrial Commission, 10 Ariz.App. 573, 460 P.2d 1002 (1969), this Court said:

"It is not the place or the position of the involvement of the injury, but rather the residual impairment resulting from the industrial injury which is controlling."

Where, as here, there is a disability to the back and symptoms in the right leg as the result of the left leg injury, the injury becomes an unscheduled one, and must be compensated under A.R.S. § 23–1044 subsec. C.

For the reasons stated above, the award is set aside.

STEVENS and CAMERON, JJ., concur.

NOTE: This case was decided under the law as it existed prior to January 1, 1969.