480 P.2d 687

Thomas A. WOPPERT, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Minit Markets, Inc. (7–11 Stores), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 427.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 16, 1971.

Rehearing Denied March 9, 1971.

Review Denied March 30, 1971.

Lawrence Ollason, Bernard I. Rabinovitz, Tucson, for petitioner.

Robert K. Park, Chief Counsel, by Cecil A. Edwards, Jr., Phoenix, for respondent Carrier State Compensation Fund.

William C. Wahl, Jr., Counsel, Donald L. Cross, Former Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

STEVENS, Presiding Judge.

This matter comes before the Court on a petition for a writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona. This matter was decided under the law as it existed prior to 1 January 1969.

The medical evidence establishes that prior to the year 1964 the petitioner, the injured workman whose claim is now under consideration, had a condition of degenerative arthritis in the ball of the femur of both legs. Apparently the petitioner was not aware of this condition. On 13 January 1964 the petitioner sustained a fall in an industrially related accident. Although he lost no time from work, the condition of his left hip was aggravated by the fall. On 2 May 1964 he sustained a second industrial injury affecting his right hip. Following the second injury there was a surgical procedure whereby the ball of the right femur was replaced by a prosthesis. The award of The Industrial Commission determined that the petitioner sustained a 25% physical functional impairment of his right leg and the scheduled award in question was entered.

The petitioner urges that the award should have been unscheduled. He bases his contentions upon the assertion that at the time of the 2 May injury he had a prior physical functional impairment as a result of the 13 January injury and upon the further contention that his residual disability from the 2 May injury involved more than the right leg, namely the pelvic girdle.

We can best summarize the medical evidence favorable to the award by quoting two paragraphs from the 9 January 1967 Medical Advisory Board report. These are as follows:

"The patient's condition referable to his right hip is now considered stationary. He requires no further treatments or examinations referable to this problem. As a result of the injury of 5–2–64 to his right hip, it is our opinion that he has a permanent partial disability equivalent to 25% functional loss of his right leg.

"In relation to the left hip which was injured on 1–13–64, it is our opinion that he had a temporary aggravation of a preexisting aseptic necrosis as a result of this injury and has now recovered from this aggravation. His residual symptoms referable to his left hip are now related to the underlying basic disease of his left hip, namely, an aseptic necrosis which is not due to these traumas."

The foregoing medical opinions were sustained by the testimony of the doctors who were members of the Medical Consultation Board. In relation to the second paragraph above quoted, there was medical evidence that while the left leg may eventually and by natural progression reach a condition requiring a prosthesis, nevertheless with the termination of the temporary aggravation the condition was not disabling.

The legal definition of a leg is set forth in our opinion in LaRue v. Ashton Company, 2 Ariz.App. 101, 406 P.2d 451 (1965). A similar problem in relation to an arm is found in Heredia v. Industrial Commission of Arizona, 10 Ariz.App. 507, 460 P.2d 43

(1969). In Arnott v. Industrial Commission of Arizona, 103 Ariz. 182, 438 P.2d 419 (1968), our Supreme Court held that the test to be applied is not the situs of the injury but the area of the body wherein the residual disability lies.

It is urged that our opinion in Jaynes v. Industrial Commission of Arizona, 7 Ariz. App. 78, 436 P.2d 172 (1968), governs this case. In Jaynes the involvement extended beyond the leg and so differs from the principles set forth in Arnott.

In our opinion a comprehensive review of the entire record discloses reasonable medical evidence sufficient to sustain the award.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.