484 P.2d 200

**Seals Edward BROOKS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Copper Queen Branch, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 519.**

Court of Appeals of Arizona,
Division 1, Department A.

April 26, 1971.

Rehearing Denied June 2, 1971.

Review Denied July 7, 1971.

Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Counsel, Phoenix, The Industrial Commission of Arizona for respondent.

Evans, Kitchel & Jenckes, by Stephen W. Pogson and John Orr Theobald II, Phoenix, for respondent Employer.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund for respondent Carrier.

STEVENS, Presiding Judge.

The question presented to the Court for determination is whether the award of

The Industrial Commission for temporary disability only is reasonably supported by the evidence.

■ This case involves an injury to the back, and as such, is one of those cases in which the Commission must rely upon the medical evidence available in reaching its determination. Enyart v. Industrial Commission, 10 Ariz.App. 310, 458 P.2d 514 (1969). The burden of proof is upon the petitioner to show that he has a disability as the result of his industrial accident. Merrill v. Industrial Commission, 11 Ariz. App. 564, 466 P.2d 783 (1970).

Dr. E. B. Jolley testified at the hearing held at Bisbee, Arizona, on 17 December 1969, and the import of his testimony was that he felt that the petitioner did not have a permanent disability as the result of his industrial accident. Subsequent to that hearing, at the request of the attorney for the petitioner, a report was received from Dr. C. H. Kaiser of Houston, Texas, concerning the petitioner's condition. Dr. Kaiser wrote that there were certain abnormalities noted on an X ray which were consistent with degenerative disc disease. He stated, "This finding may or may not corroborate previous injury to the back." In addition, Dr. Kaiser stated, "Clinically this patient showed neurological changes with decrease in the knee jerk on the right. The thigh on the right measured 13 inches as compared with 16 inches on the left. This atrophy indicates some nerve route (sic) damage and is consistent with back injury."

■ It is the opinion of the Court that the petitioner failed to sustain his burden of showing that he was permanently disabled as the result of his industrial accident.

The award of the Commission is affirmed.

CASE and DONOFRIO, JJ., concur.