506 P.2d 671

Ralph MILLER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Kitchell Contractors, Inc., Respondent Employer,

Glen Falls Insurance Company, c/o Underwriters Adjusting Co., Respondent Carrier.

No. 1 CA–IC 709.

Court of Appeals of Arizona, Division 1, Department A.

March 1, 1973.

Rehearing Denied May 4, 1973.

Review Granted June 26, 1973.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Donald L. Cross, Phoenix, for respondent employer and respondent carrier.

STEVENS, Judge.

On 25 September 1969 Ralph Miller, the petitioner, a carpenter by trade, fell a full

story of a building. A medical report sets forth the injuries as follows:

> "He sustained a severely comminuted fracture of his pelvis extending into the right acetabulum."

A person's "leg" is defined in Ujevich v. Inspiration Consolidated Copper Company, 44 Ariz. 16, 33 P.2d 599 (1934), as follows:

> " * * * a complete leg extends from where the ball of the femur fits into the socket of the hip to the ankle or foot." 44 Ariz. at 18, 33 P.2d at 600.

See also La Rue v. The Ashton Company, 2 Ariz.App. 101, 406 P.2d 451 (1965). The petitioner, then 70 years of age, sustained no physical injury to his leg. Willard V. Ergenbright, M.D., an orthopedic surgeon, reported a complete recovery of the pelvic fractures and a scheduled disability residual as follows:

> "This would figure out on the disability rating tables to a 22% permanent partial functional loss of the right lower extremity and a 9% permanent partial functional loss of the whole man."

There was testimony that scheduled injuries can be related to a percentage disability of the whole man. This medical opinion does not convert a scheduled disability to an unscheduled disability. The carrier, the hearing officer and the Commission adopted Dr. Ergenbright's rating of a 22% disability of the petitioner's right leg and compensation was awarded on that basis.

The question before us is whether an industrial injury which does not include an injury to the leg and has a residual disability which is limited to the leg will sustain the ultimate rating based upon a scheduled disability. The answer is in the affirmative.

A.R.S. § 23-1044 relates to the computation of residual partial disabilities. Subsection B relates to scheduled residuals and subsection C to unscheduled residuals. In subsection B we find further subsections relating to "the leg". The first of these are:

> "15. For the loss of a leg, fifty months.
>
> * * * * * *
>
> "20. The permanent and complete loss of the use of a * * * leg may be deemed the same as the loss of any such member by separation."

We also find par. 21 which provides the formula for the compensation award alloted "for the partial loss of use of a * * * leg * * *."

It is important to note that in pars. 20 and 21 the basis of the award is the "loss of use".

Our Supreme Court in Arnott v. Industrial Commission of Arizona, 103 Ariz. 182, 438 P.2d 419 (1968), established the rule that in relation to the compensation awarded for the residuals of an industrial injury after the condition has become stationary, the situs of the disability and not the situs of the injury is controlling. This rule corresponds with pars. 20 and 21 of A.R.S. § 23-1044, subsec. B and has been followed in Heredia v. Industrial Commission of Arizona, 10 Ariz.App. 507, 460 P. 2d 43 (1969); Pena v. Industrial Commission of Arizona, 10 Ariz.App. 573, 460 P. 2d 1002 (1969); Merrill v. Industrial Commission of Arizona, 11 Ariz.App. 564, 466 P.2d 783 (1970); Bradley v. Industrial Commission of Arizona, 13 Ariz.App. 204, 475 P.2d 296 (1970) and Woppert v. Industrial Commission of Arizona, 14 Ariz. App. 72, 480 P.2d 687 (1971).

In Heredia, supra, the author of this opinion reluctantly concurred and in Pena, supra, the author of this opinion, dissenting, suggested that the Arizona Supreme Court modify the rule set forth in Arnott, supra. The suggestion contained in the Pena dissent was not favorably considered by our Supreme Court in that a petition to review the Pena decision was denied.

In Ujevich, supra, our Supreme Court recognized that if the evidence supported a disability having as a portion of its residual situs a physical area beyond the leg, then the award should be unscheduled. In Jaynes v. Industrial Commission of Arizona, 7 Ariz.App. 78, 436 P.2d 172 (1968),

this Court determined that that type of situation did exist. In our opinion Jaynes, supra, is consistent with Arnott, supra, and the line of cases which follow the Arnott philosophy.

The petitioner urges that the medical evidence in this case requires a conclusion consistent with Jaynes, supra. We have reviewed the record and it appears that the evidence would sustain "a whole man" disability rating if such a rating was legally possible. There were some aspects of the medical testimony which might sustain a Jaynes type of finding but there is ample medical evidence to support the award which was entered.

There is one interesting additional matter which was resolved by preliminary orders entered by this Court prior to the filing of the opening brief, a matter which was not reurged on the merits of this appeal by certiorari. The petition for the writ of certiorari and the writ itself identified the parties and the award with sufficient particularity but through inadvertance the directive as to the file which was to be certified to this Court was not the file of The Industrial Commission but was the carrier's claims file. The carrier, by suitable motion, objected to the requirement that its claims file be certified to the Court of Appeals urging that the carrier's claims file was not in evidence before the Commission. The carrier's position was sustained. The Commission file was certified to this Court.

Based upon the record before this Court, the award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.