511 P.2d 669

Sarah CAMACHO, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,
All Star Coach, Inc., Respondent Employer,
Home Insurance Company, Respondent Carrier.

No. 1 CA–IC 754.

Court of Appeals of Arizona, Division 1, Department A.

June 28, 1973.

Rehearing Denied Aug. 21, 1973.

Review Denied Oct. 2, 1973.

**226**

Gilbert Gonzalez, Lawrence Ollason, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondents Employer and Carrier.

OGG, Judge.

The determinative issue before this Court is whether a prior non-industrial injury resulted in a loss of earning capacity at the time of a subsequent scheduled industrial injury which would then convert that injury into the unscheduled class.

On October 24, 1969 the Petitioner, Sarah Camacho, suffered an industrial injury and was awarded a permanent scheduled disability award of 40% functional loss of the left (major) hand. In 1958 petitioner sustained a non-industrial injury to her left knee while playing softball which resulted in some permanent impairment.

Petitioner brings the case before this Court on a writ of certiorari, claiming her later industrial injury should have been treated as an unscheduled injury.

■ It is the law of this State that under a fact situation where a workman has sustained a prior non-industrial injury which would have warranted a scheduled award had it been industrially related, there is a rebuttable presumption that the prior injury had an effect on the earning capacity of the workman at the time of the later industrial injury. Ronquillo v. Industrial Commission, 107 Ariz. 542, 490 P. 2d 423 (1971); Sutton v. Industrial Commission, 16 Ariz.App. 334, 493 P.2d 501 (1972).

■ Does the record in this case rebut the presumption and warrant the decision by the Industrial Commission that the prior non-industrial injury had not affected petitioner's earning capacity? In this case the Hearing Officer made a specific finding which was affirmed by the Industrial Commission:

"That applicant did not have a continuing loss of earning capacity disability as a result of her pre-existing non-industrial injury to the left knee of 1958 at the time of her industrial injury of October 21, 1969."

We have reviewed the transcript and find petitioner's evidence that she could have become a professional softball player, policewoman or cashier but for her knee injury to be highly speculative. A fair reading of the transcript also discloses that there is conflicting and contradictory

evidence relative to the principle issue in this case as illustrated by the testimony of the petitioner as follows:

"Q. As a matter of fact, isn't it true that you have never been turned down from a job because of your knee?

A. I think so."

The record indicates that at the time of petitioner's industrial injury she was making more money than she had ever made before and that her old knee injury was no hindrance in her work.

A review of the record discloses that the Industrial Commission, as the trier of fact, had reasonable evidence to support the findings and award and we must therefore affirm. Valdon v. Industrial Commission, 103 Ariz. 547, 447 P.2d 239 (1968); Torrez v. Industrial Commission, 12 Ariz.App. 21, 467 P.2d 245 (1970).

The award is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.