489 P.2d 1236

**Maria Jesus L. VEGA, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Snellers, Respondent Employer,**

**State Compensation Fund, Respondent Insurance Carrier.**

**No. I CA–IC 587.**

Court of Appeals of Arizona, Division 1.

Nov. 2, 1971.

Lawrence Ollason and Gilbert Gonzalez, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, by Dee-Dee Samet, Tucson, for respondents Employer and Carrier.

HOWARD, Judge.

Petitioner injured her knee in an industrial accident in 1955. At that time she applied for benefits from the Industrial Commission but was denied the same since she was not disabled in excess of seven days.

In 1957 the case was reopened and she was awarded permanent disability equal to five percent of loss of function of the right leg. The case was subsequently reopened several times to allow for treatment and surgery. On August 29, 1969, an award was issued binding a 15% scheduled permanent disability to the right leg. A petition to reopen was filed on September 10, 1969, and was subsequently denied by the Commission.

Petitioner has filed this writ asking the court to review both the Findings and Award and the denial of the petition to reopen. Petitioner presents the following questions: (1) Can a scheduled injury be considered as an unscheduled injury? (2) Did petitioner suffer a new, additional, or previously undiscovered injury for which the claim could be reopened?

### THE SCHEDULED INJURY

Division One of this court, in the case of Torrez v. Industrial Commission, 12 Ariz.App. 21, 467 P.2d 245 (1970), held that a previously scheduled injury can become an unscheduled one which must be compensated under A.R.S. § 23–1044, subsec. C. In *Torrez,* the petitioner twisted his left knee jumping off a loading dock and was awarded a 35% functional loss of the left leg. He subsequently developed a disability to his back and symptoms in the right leg which all the doctors related to the original injury to the left leg.

The petitioner in the case *sub judice* attempted to cast her claim before the Industrial Commission in the same mold as that of the *Torrez* case. There is, however, a basic difference between the facts of the *Torrez* case and the case at bench. In *Torrez,* there was no question of medi-

cal causation. Here, there is a dispute. Dr. Edmundo Felix, a general practitioner testifying on behalf of petitioner, stated that petitioner had complained of her right hip pain and back pain occasionally. Dr. Felix testified that he had taken no x-rays of the back and that in fact his last x-rays of the petitioner were of the right knee. Dr. Felix testified that petitioner might have some osteoarthritis in the back, but he did not have any x-rays. Dr. Felix admitted that an orthopedist was best qualified to answer the question posed by this case.

Dr. J. Wright Cortner, an orthopedic surgeon, felt that petitioner probably would have had the same back complaints that she has now due to her age and weight without the industrial injury. He did not think that her back complaints are related to the injury.

This is one of those cases that can be resolved only by medical testimony. Revles v. Industrial Commission, 88 Ariz. 67, 352 P.2d 759 (1960). As in the case of Meeks v. Industrial Commission, 7 Ariz.App. 150, 436 P.2d 928 (1968), we have two reputable physicians rendering conflicting opinions on the question of causation. It is incumbent on the Commission as trier of fact to determine which one is more correct. In doing so, it may take into consideration the experience and background of each of the witnesses. Meeks v. Industrial Commission, supra. Under the evidence the Commission could well find that the testimony of the orthopedic surgeon was of greater weight and more probably correct.

To support her contention that the Commission erred in denying the petition to reopen, petitioner points to a deposition and testimony of Dr. Felix.

Reopening a claim for adjustment of compensation can only be granted if it is shown (1) there has been a change in physical condition subsequent to the time the prior claim culminated in award, (2) such change results from the injury upon which the prior award was based, and (3) it affects the earning capacity of the injured employee. Burden of proof is upon the petitioner to establish each of these elements. Pacific Motor Trucking Co. v. Industrial Commission, 88 Ariz. 265, 355 P.2d 966 (1960).

Almost all of the evidence presented to the Commission on the petition for reopening is identical to that previously presented to the Commission. The only new or additional piece of evidence was testimony by Dr. Felix that the right leg had subsequently atrophied three quarters of an inch. The record is devoid of any testimony or any evidence that this atrophy of the right leg has in any way increased the functional disability of the right leg beyond the functional disability previously awarded. Petitioner has therefore failed to establish that the increased atrophy of the right leg affects her earning capacity and consequently failed to sustain the burden imposed upon her by Pacific Motor Trucking Co. v. Industrial Commission, supra.

The award is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120 subsec. E.