411 P.2d 179

**Shirley L. METCALF, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona and Lusk Homes, Inc., Respondents.***

**No. I CA–IC 83.**

Court of Appeals of Arizona.

Feb. 25, 1966.

Hirsch, Van Slyke, Richter & Ollason, by Lawrence Ollason, Tucson, for petitioner.

Robert K. Park, Chief Counsel of The Industrial Commission of Arizona, by Joyce Volts, Phoenix, for respondents.

STEVENS, Chief Judge.

On 18 October 1961, the Petitioner held a secretarial position performing the usual secretarial functions including typing and shorthand. On that day at work, she sustained an industrial accident in that she was bitten by a black widow spider.

After a considerable period of care and treatment, her condition became stationary. Her arm, as distinguished from only the hand, was evaluated as having sustained a 10% physical functional disability and she received a scheduled award based upon this finding. There is no question but at the present time there is a serious impairment of her secretarial capacities in relation to two fingers on her right hand.

Her background includes emotional problems, the nature and extent of which need not be discussed in this opinion. At the time her condition became stationary, the doctors testified that there was present a psychogenic overlay which term the medi-

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 8318. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

cal experts testified was synonymous with the term functional overlay, and with the term conversion reaction. The psychiatric problem (psychogenic overlay) relates itself only to the injured hand and not to any other portion of the body. A doctor who had treated her prior to the incident stated that he could not say whether or not the Petitioner's emotional problems had been increased by the incident. He stated that he was not prepared to say the extent to which the emotional problem contributed to her hand problem, and that he believed this evaluation was more probably within the field of psychiatry.

There was a psychiatric consultation. One of the psychiatrists testified that the spider bite contributed only slightly to the functional overlay. He would not agree that Petitioner could be treated although there was testimony that some people with this type of problem can be treated. The question as to whether or not the psychogenic overlay contributed to the hand problem was not answered in the record.

It is often true that a scheduled disability has a greater percentage effect upon one's capacity to perform the duties incident to a particular way of life than is expressed in the percentage disability of the bodily member involved. One doctor testified that the Petitioner would fare better in an occupation not depending so exclusively upon the skilled movements of her fingers. In those instances wherein the reduction in earning capacity and the loss incident thereto is greater than the compensation which can be allowed under the scheduled disability formula, the answer lies with the Legislature and not with the courts.

We are of the opinion that the record reasonably sustains the award.

The award is affirmed.

CAMERON, J., and DONOFRIO, J., concurring.