460 P.2d 1002

Mario E. PENA, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona,
Respondent,

City of Glendale, Respondent Employer,
State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 294.

Court of Appeals of Arizona,
Division 1.

Department A.

Nov. 17, 1969.

Rehearing Denied Dec. 16, 1969.

Review Denied Jan. 27, 1970.

Chris T. Johnson, Phoenix, for peti-
tioner.

Donald L. Cross, Chief Counsel, Phoe-
nix, for respondent Industrial Commission
of Arizona.

Robert K. Park, Chief Counsel, Phoenix,
by Harlan J. Crossman, Phoenix, for re-
spondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This is a writ of certiorari to review the
lawfulness of an award and findings of
The Industrial Commission of Arizona.

Petitioner, Mario Pena, thirty-one years
of age, suffered an injury on August 1,
1966 while working for the City of Glen-
dale. His left arm and shoulder slipped
into and in front of a trash-packing-unit
gear of the truck on which he was work-
ing. The Commission found that petitioner
sustained a fifteen percent functional im-
pairment of the left (minor) arm as a
result of the industrial accident, and issued
an award and findings for permanent
scheduled disability. Petitioner filed a
petition for hearing, claiming the injury
to be an unscheduled disability. After
hearing, the Commission reaffirmed its
findings and award for permanent sched-
uled disability. Certiorari was taken from
this award.

The crucial question is whether the in-
jury sustained by petitioner should be clas-
sified as a scheduled injury under A.R.S.
§ 23–1044, subsec. B or, as contended by
petitioner, an unscheduled injury under
A.R.S. § 23–1044, subsec. C.

The facts are not in serious dispute.
Petitioner's condition is medically station-
ary and he suffers from certain anatomical
changes in his shoulder. All of his
physical functional impairment is to the
minor arm. Loss to minor arm is sched-
uled. A.R.S. § 23–1044, subsec. B. It is
uncontroverted that petitioner suffered
considerable injury to his shoulder as well
as to his arm when he slipped into the
packing gear. However, the medical evi-
dence now shows that the only residual
disability is to the use of his arm. Peti-
tioner contends that since the shoulder is
significantly involved the award should
not be scheduled under A.R.S. § 23–1044,

**574**

subsec. B, but comes under A.R.S. § 23–1044, subsec. C.

■ This is the same question which was involved in the recent opinion of this Court in Heredia v. Industrial Commission, 10 Ariz.App. 507, 460 P.2d 43 (decided October 27, 1969). The facts of the instant case are quite similar to Heredia and we believe the same holding and reasoning should apply. Under the existing case law the situs of the residual disability is controlling. Arnott v. Industrial Commission, 103 Ariz. 182, 439 P.2d 419 (1968). It is not the place or the position of the involvement of the injury, but rather the residual impairment resulting from the industrial injury which is controlling. In this case the functional impairment is of the minor arm. The award is reasonably supported by the evidence.

Affirmed.

CAMERON, J., concurs.

STEVENS, Judge (dissenting).

I feel compelled to dissent for the reason that I believe that Jaynes v. Industrial Commission, 7 Ariz.App. 78, 436 P.2d 172, review denied by the Arizona Supreme Court on 5 March 1968, correctly states the law rather than Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419, decided by our Supreme Court on 7 March 1968. It was with extreme reluctance that I concurred in our recent opinion in Heredia, cited in the majority opinion.

In my opinion unless it is crystal clear that an injury is a scheduled injury it should be held to be a nonscheduled injury. In my opinion any permanent physical impairment of the body beyond the limits of the scheduled portion of the body converts the injury to an unscheduled injury. Here there is a permanent impairment of the shoulder even though there is testimony to the effect that the residual disability resulting from the shoulder impairment manifests itself in the arm.

I recognize that the majority opinion is based upon Arnott. I recognize that

Supreme Court opinions are controlling. It is my opinion that the Arnott decision should be reconsidered and declared to not be the rule. It is my opinion that the facts in the matter under consideration are distinguishable from Arnott to the point that Arnott should not apply.