466 P.2d 781

Jimmy B. MILLIKAN, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Boyles Bros. Drilling Company, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 333.

Court of Appeals of Arizona, Division 1, Department A.

March 25, 1970.

Morgan & Jerome, by D. A. Jerome, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent carrier State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to determine the lawfulness of an award and finding of the Industrial Commission of Arizona issued 1 August 1969, finding that the petitioner suffered a 15% loss of function of the left (minor) arm.[1]

We are called upon to determine whether the facts reasonably supported the Commission's finding that petitioner suffered a scheduled disability (§ 23–1044, subsec. B A.R.S.) instead of an unscheduled (§ 23–1044, subsecs. C & F) as petitioner contends.

The petitioner suffered severe injuries on 19 May 1966, when he fell off a drilling rig while working as a diamond drill helper. The petitioner sustained a fracture of the left humerus, fractured ribs, and a ruptured spleen. As the result of the latter, he underwent a splenectomy.

Petitioner was discharged for work on 22 July 1966 with regard to his rib fractures and his abdominal surgery, by his surgeon Dr. Mark M. Kartchner. The petitioner was discharged with a rating of 15% loss of function of left (minor) arm on 20 November 1967, by Doctors Cortner, Eddy, Jr., and Moore. The Commission issued a findings and award for a scheduled permanent disability on 28 December 1967. This was protested, and hearings were held on 31 March 1969 and 27 May 1969. The award complained of was issued 1 August 1969.

The petitioner contends that the 15% loss of function of the left (minor) arm, the removal of a bone graft from his pelvis for insertion into the fracture of the left (minor) arm, combined with the removal of his spleen, constitutes a general physical disability and entitles him to an unscheduled disability award under A.R.S. § 23–1044, subsec. C.

At the two hearings held in this case, a total of four medical doctors testified. The doctors were unanimous in their opinion that the loss of the spleen did not constitute a permanent disability. The testimony of Dr. Mark M. Kartchner in this regard is as follows:

"Q Doctor, in your opinion, did the applicant have any permanent disability

---

1. This case was decided under the law as it existed prior to 1 January 1969.

relative to the industrial accident from the loss of the spleen?

"A   Specifically as to his splenectomy, I don't believe there should be any disability.

"Q   As far as the rib fractures, did you feel that any permanent disability could result from the rib fractures?

"A   No, ma'am, I would doubt the presence of a long term disability. At least this would appear to be the case from my most recent follow-up.

"Q   Do you feel that as a general surgeon you are qualified to determine whether the loss of a spleen constitutes a permanent disability?

"A   I believe so.

"Q   Would you agree with the statement by an internist that generally the absence of a spleen is not important in an otherwise healthy individual?

"A   Yes, ma'am."

In addition, the consensus of medical opinion was that the removal of bone from the pelvis for the purpose of a bone graft to the left arm did not constitute a permanent disability, as that portion of pelvic bone from which the graft was removed would eventually regenerate itself.

■ It is the location of the disability rather than the location of the injury that determines whether an award is scheduled or unscheduled. Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968), Pena v. Industrial Commission, 10 Ariz. App. 573, 460 P.2d 1002 (1969), review denied 27 January 1970, Metcalf v. Industrial Commission, 3 Ariz.App. 6, 411 P.2d 179 (1966). Although the petitioner suffered multiple injuries in the accident, the evidence indicates that he sustained a permanent disability to the arm only. It is the opinion of the Court that the award of the Commission is reasonably supported by the evidence.

■ The petitioner further contends that the award should be set aside because the Commission in the award of 1 August 1969 followed its custom of affirming a previous award. Our Supreme Court has stated:

"In making the award the Commission should not have affirmed the previous award. The practice of affirming findings set aside by the granting of a hearing or rehearing is a source of procedural confusion and should not continue." Russell v. Industrial Commission, 104 Ariz. 548, 553, 456 P.2d 918 (10 July 1969).

Even though the award in this matter was entered 1 August 1969, less than one month after the opinion in Russell v. Industrial Commission, supra, we do not believe that the failure of the Commission to follow the opinion in Russell is a ground for setting aside the award under the facts before this Court.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.