475 P.2d 296

John BRADLEY, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Elmer Garrett (Garrett Motors), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 418.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 14, 1970.

Rehearing Denied Nov. 9, 1970.

Review Denied Dec. 22, 1970.

a permanent partial disability equal to 30% loss of function of the right arm. Upon timely protest of this Findings and Award, the Commission, on March 10, 1964, entered a Decision Upon Rehearing and Amended Findings and Award for Scheduled Permanent Disability, concluding that petitioner sustained a permanent partial disability equal to 100% loss of the use of the right major arm.

On February 5, 1968, petitioner sought to reopen his claim, alleging that "rearrangement of compensation is required for multiple and general disabilities, injuries and disabilities not restricted to one arm, but in shoulder, neck clavicle and trunk." After two hearings held pursuant to the petition, the Commission entered its January 16, 1970 Decision Upon Hearing and Finding and Award Denying Reopening of Claim which made the finding, inter alia, that petitioner had no new, additional or previously undiscovered disability attributable to his November 30, 1962 injury.

In this review we are called upon to decide whether the facts reasonably support the Commission's finding that petitioner suffered a scheduled injury under A.R.S. § 23–1044, subsec. B, or as contended by petitioner, an unscheduled injury under A.R.S. § 23–1044, subsec. C.

There was some conflict in the medical testimony relating to whether the disability was limited to petitioner's arm or whether it extended as well to the shoulder, cervical area and trunk. The Arizona courts have repeatedly stated that when the causal connection between an industrially related accident and a physical disability is peculiarly within the knowledge of the medical profession, the Commission's determination based upon a conflict in the medical evidence must be sustained if reasonably supported by the evidence.

The facts herein closely parallel those with which we were presented in Pena v.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent Carrier State Compensation Fund.

DONOFRIO, Presiding Judge.

This case is before us by a writ of certiorari to determine the lawfulness of an award of The Industrial Commission of Arizona issued January 16, 1970.[1]

Petitioner John Bradley, an automobile mechanic, slipped on wet pavement upon emerging from a washrack on the premises of respondent employer. Bradley was sixty years of age on November 30, 1962, the date of the occurrence. As a result of his fall, petitioner suffered an injury to his right shoulder. The Commission found, on August 28, 1963, that petitioner sustained

1. This case was decided under the law as it existed prior to January 1, 1969.

Industrial Commission, 10 Ariz.App. 573, 460 P.2d 1002 (1969), in which we said:

"It is not the place or (sic) the position of the involvement of the injury, but rather the residual impairment resulting from the industrial injury which is controlling." 10 Ariz.App. at 574, 460 P.2d at 1003.

██ In light of the rule that the situs of the residual disability is controlling, Arnott v. Industrial Commission, 103 Ariz.

182, 438 P.2d 419 (1968), and the case law applying that rule to facts very similar to those presented here, Pena v. Industrial Commission, supra; Heredia v. Industrial Commission, 10 Ariz.App. 507, 460 P.2d 43 (1969), we find that the determination of the Industrial Commission was reasonably supported by the evidence.

Affirmed.

STEVENS and JACOBSON, JJ., concur.