489 P.2d 1213

William D. POAGE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Charles Scarlett & Marie Scarlett (Spur Lake Cattle Company), Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 485.

Court of Appeals of Arizona, Division 1, Department B.

Oct. 28, 1971.

Gorey & Ely by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Gene Phillippo, Phoenix, for respondents State Compensation Fund and Charles Scarlett & Marie Scarlett (Spur Lake Cattle Co.).

EUBANK, Judge.

We issued our writ of certiorari to review the lawfulness of an award and findings of The Industrial Commission of Arizona of April 28, 1970, finding that the petitioner had sustained a permanent partial disability equal to a thirty percent loss of function of his left (minor) arm resulting in a scheduled award (A.R.S. § 23–1044, subsec. B).

Petitioner contends that the award should have been an unscheduled award (A.R.S. § 23–1044, subsec. C). Although petitioner does not dispute that the evidence supports the findings of the Commission, he is advocating that as a matter of law the findings and award must be set aside. His argument is based on Jaynes v. Industrial Commission, 7 Ariz. App. 78, 436 P.2d 172 (1968), where this Court held that the Commission could not accept the medical conclusion of the examining board which stated that the petitioner suffered a twenty-five percent functional loss of the right leg, when the medical evidence showed that there was in fact injury to the right hip and that subsequent treatment involving the hip joint caused or contributed to the occurrence of arthritis in the hip joint, which was outside the definition of a "leg". This resulted in requiring an unscheduled award for the hip injury as opposed to a scheduled one for a functional loss of the right leg. Petitioner contends that the hearing officer mistakenly relied on three cases: Arnott v. Industrial Commission, 103 Ariz. 182, 438 P.2d 419 (1968); Heredia v. Industrial Commission, 10 Ariz.App. 507, 460 P.2d 43 (1969); Pena v. Industrial Commission, 10 Ariz.App. 573, 460 P.2d 1002 (1969), in finding that the injury to the petitioner's shoulder resulted in residual impairment to the function of his arm instead of to petitioner's shoulder. These three cases generally hold that the situs of a residual disability is controlling in determining whether the award is a scheduled one or an unscheduled one.

In the case at bar the medical testimony supports the findings of the Commission, consequently, we are at somewhat of a loss to see how Jaynes as a matter of law could require us to set aside the award. In Jaynes the medical testimony, i.e., the evidence, required that the award be set aside; in the instant case it does not. Although petitioner claims that our Jaynes opinion is in conflict with our Supreme Court's opinion in Arnott, we fail to see this. See our opinions subsequent to Jaynes in Torrez v. Industrial Commission, 12 Ariz.App. 21, 467 P.2d 245 (1970); Bradley v. Industrial Commission, 13 Ariz.App. 204, 475 P.2d 296 (1970); Woppert v. Industrial Commission, 14 Ariz. App. 72, 480 P.2d 687 (1971), wherein we rely on Arnott, Heredia and Pena.

The award is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.