504 P.2d 539

Eugene HOMACK, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Safeway Stores, Incorporated, Respondent
Employer,

Travelers Insurance Company, Respondent
Carrier.

No. I CA–IC 725.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 21, 1972.

Rehearing Denied Jan. 18, 1973.

Review Denied Feb. 20, 1973.

Charles M. Wilmer, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Joseph L. Moore, Phoenix, for respondents employer and carrier.

CASE, Judge.

Petitioner, by writ of certiorari, questions the correctness of a decision upon review affirming a decision upon hearing and findings and award for temporary disability of the Industrial Commission which in substance held that petitioner was capable of returning to his regular job and that he required no further medical treatment and was dischargeable without physical or mental disability attributable to his industrially related injury. Petitioner contends that all the evidence supports his contention that he suffers from a psychiatric disability resulting from his injury. Respondent urges that petitioner failed to sustain his burden of proof and that the best that can be argued is that there is a conflict in the evidence which was "reasonably" resolved by the Commission.

We are once again faced with the oft repeated arguments, both on behalf of the injured workman and the Carrier, that there is no conflict in the evidence on the one hand and that on the other there exists such a conflict as to prohibit the workman from upsetting the award.

The injury with which we are herein concerned occurred on 6 August 1969 when petitioner was struck in the stomach by a mechanical jack. He was rendered unconscious by the blow and was hospitalized for recovery. During the course of his medical care, he underwent several operations for resulting complications. During the course of his hospitalization and recovery, several different specialists examined and/or treated petitioner. Several psychiatrists had occasion to examine petitioner and he was also examined at the Pain Clinic at St. Joseph's Hospital.

On 19 November 1970, the Carrier issued its notice of claim status terminating compensation and medical benefits. Thereafter, pursuant to a request by petitioner, a hearing was held on 4 May 1971, at which time a report from Dr. James Atkinson, director of the Pain Clinic, and a report from Dr. Floyd Templeton were put into the record without objection. Dr. Atkinson's report stated:

"It was the feeling of the psychiatric and psychological consultants that formal psychiatric assistance at this point and time was not indicated. It is the feeling of the pain clinic group that the patient should be returned to a non-lifting job, possibly with the assistance of the State Rehabilitation Division. He is not strongly motivated to returning to work, and problems are anticipated in this area. The patient is not a candidate for primary or secondary pain control measures at this time."

Dr. Templeton's report stated:

"This man is frightened because the doctors have not been able to give him any definite information about his illness. I am sure that unconsciously he feels as if

he has something very seriously wrong with him. This is brought out in the fact that he has had so many relatives die and the doctors have not been able to say anything definite so far as he would acknowledge. I feel that if his physical condition warrants it he should be able to go back to some kind of light work as soon as possible. This would certainly help him reconstitute. I feel that some combination of anti-anxiety agent and anti-depressant should be used such as Triavil. Psychotherapy should be used. However, it might be rather difficult due to his educational lack and his age."

A Dr. Wrzesinski was a specialist to whom petitioner was sent for surgery. He noted evidence of psychogenic residuals and referred petitioner to the Pain Clinic. Thereafter, he conferred with all of the specialists who had examined petitioner. At the time of the hearing, Dr. Wrzesinski testified in part that he could find no objective residual disability as a result of the accident, but that he did find a subjective disability, to-wit: severe complaints of pain by the petitioner. Dr. Wrzesinski testified as follows:

"Question: . . . At the time that you had this examination did he tell you and the other doctors that that sort of activity, that he couldn't do it because it caused pain?

Answer: Oh yes, time and time again.

Question: And this was because of pain?

Answer: Yes.

Question: And this is the same subjective disability that you referred to earlier, is that correct?

Answer: Yes.

Question: That is more or less what the pain clinic and Dr. Templeton concluded, isn't it, when they recommend that perhaps psychotherapy would help, but to return to some form of light activity, work activity?

Answer: Yes. I'm sure that their interpretation was that he could work, *but*

*not at the same type of job for half a dozen reasons. He already had focused on this abdominal pain, and no one in the world, I don't believe, is ever going to tell him that he could do this job again.*

Question: And that is on an unconscious level?

Answer: *I think it's unconscious, yes I do.*

Question: Do you essentially agree with that, Doctor?

Answer: Yes." (Emphasis ours)

The record further reflects that Dr. Wrzesinski believed that petitioner's psychiatric reaction was a disability which limited petitioner's ability to work.

We believe that the record in this case amply demonstrates that petitioner was suffering from a psychiatric condition caused by his industrial injury. In our opinion, there is no conflict in the medical testimony. Dr. Atkinson's report does not say, as Carrier argues, that petitioner does not have a psychological disability. The report states only that psychiatric assistance is not indicated at the present time. It does, however, state unequivocally that "problems are anticipated" and further that petitioner should not be returned to his former job. The case of Murray v. Industrial Commission, 87 Ariz. 190, 349 P.2d 627 (1960) holds that a disabling mental disorder is compensable if caused by an accident arising out of employment. There is no requirement that the disabling mental disease be accompanied by any physical disablement. Tatman v. Provincial Homes, 94 Ariz. 165, 382 P. 2d 573 (1963).

We feel that petitioner sustained his necessary burden of proof and that the evidence supports the fact that he suffers from a psychiatric disability which is compensable and therefore the award is set aside.

STEVENS, P. J., and DONOFRIO, J., concur.