505 P.2d 261

**Keith E. GARDNER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gardner Refrigeration & Heating, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 723.**

Court of Appeals of Arizona,
Division 1,
Department A.
Jan. 23, 1973.

Gorey & Ely, by Stephen S. Gorey, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondents State Compensation Fund & Gardner Refrigeration and Heating Co.

OGG, Judge.

In 1965 Keith E. Gardner, the Petitioner herein, suffered a back injury while employed by Gardner Refrigeration and Heating, an Arizona corporation.

This case has a long history of hearings and medical treatment which culminated on June 2, 1971 when the Commission affirmed the Referee's Report with its finding that Keith E. Gardner had an un-scheduled permanent partial disability and was entitled to an award of $110.00 per month pursuant to A.R.S. § 23–1044, subsecs. C and D. Petitioner claims his earning ability was reduced from $1,000.00 to $400.00 per month while the Commission found that his earning ability was reduced from $1,000.00 to $800.00 per month.

We must now determine if there was reasonable evidence to support the Commission's finding that the Petitioner had a post-injury earning capacity of $800.00 per month.

The amount determined to be the loss in earning capacity governs the amount of the award in the case of an unscheduled permanent partial disability as set forth in A.R.S. § 23–1044, subsec. C, ". . . the employee shall receive during such disability compensation equal to fifty-five per cent of the difference between his average monthly wages before the accident and the amount which represents his reduced monthly earning capacity resulting from the disability, . . . ."

Section 23–1044, subsec. D of the Arizona Revised Statutes is the statute covering the elements to be considered by the Commission when rendering such an award:

"D. In determining the amount which represents the reduced monthly earning capacity for the purposes of subsection C of this section, consideration shall be given, among other things, to any previous disability, the occupational history of the injured employee, the nature and extent of the physical disability, the type of work the injured employee is able to perform subsequent to the injury, any wages received for work performed subsequent to the injury and the age of the employee at the time of injury."

The record in this case discloses that the Petitioner is the President of Gardner Refrigeration and Heating Company and that he and his wife are the sole stockholders of the Company. The reduction in salary he received after his injury, which is one of the elements relied upon to show his

loss of earning capacity, was in fact reduced by the vote of he and his wife as directors of the Company.

Petitioner claims he can no longer perform the duties of a service repairman which he was able to perform prior to his injury. His attending orthopedic surgeon, Dr. Howard P. Aidem, made this statement in his September 26, 1968 report after recommending Petitioner be discharged:

". . . with an approximate 10 per cent general physical disability, this based primarily on the fact that he had surgery, since I must personally admit that I never was very impressed with his physical findings when he was under my care."

■ The evidence shows that the Petitioner was the chief executive of his Company before and after his accident and that one of his principal contributions to the business was his expertise in the management of the Company. In 1969 Gardner Refrigeration and Heating Company was a growing Company with 12 to 15 employees and approximately a dozen service trucks.

Mr. Ross Lamoreaux, Rehabilitation Counselor with the State Compensation Fund, testified that Petitioner was qualified after his injury by his knowledge and experience for a number of jobs that would pay in excess of $800.00 per month. Mr. Lamoreaux viewed the fact that the Petitioner was presently receiving only $400.00 per month salary as not a true indication of his earning ability but was a reflection of the Petitioner's present bookkeeping.

From the evidence presented to the Commission, it appears there was reasonable evidence for the Commission to determine the Petitioner had a post-injury earning capacity of $800.00 per month and to make the Petitioner an award based upon a $200.00 per month loss in earning capacity.

Fixing the proper award for an injury to a self-employed worker who owns and manages his own business is the most difficult task in the already difficult field of determining loss of earning capacity. The Arizona Supreme Court recently stated:

". . . these cases [loss of earning capacity cases] are difficult to evaluate because of the inconclusive nature of the evidence from which the evaluation must be made. But made it must be. We cannot supersede the judgment of the men appointed by law to make these decisions where there is, as here, some reasonable evidence to support their judgment."

Talley v. Industrial Commission, 105 Ariz. 162, 461 P.2d 83, 86 (1969).

■ We find there is reasonable evidence to support the findings and award of the Commission and we are bound thereby even if we might have reached a different conclusion of the evidence. Malinski v. Industrial Commission, 103 Ariz. 213, 439 P.2d 485 (1968); Hannon v. Industrial Commission, 9 Ariz.App. 231, 451 P.2d 44 (1969); Breeding v. Industrial Commission, 14 Ariz. App. 513, 484 P.2d 666 (1971); Caganich v. Industrial Commission, 108 Ariz. 580, 503 P.2d 801 (1972).

The award of The Industrial Commission is affirmed.

Affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.