**543 P.2d 154**

**STATE COMPENSATION FUND and Riteway Transport, Inc., Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Fred J. Harvill, Respondent Employee.**

**Fred J. HARVILL, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Riteway Transport, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**Nos. I CA–IC 1268, I CA–IC 1272.**

Court of Appeals of Arizona, Division 1, Department C.

Dec. 11, 1975.

Rehearing Denied Jan. 27, 1976.

Spencer K. Johnston, Phoenix, for petitioner and respondent employee Harvill.

Robert K. Park, Chief Counsel, State Compensation Fund, by James B. Long, Phoenix, for petitioners and respondents State Compensation Fund and Riteway Transport, Inc.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

## OPINION

WREN, Judge.

On February 21, 1973, Fred J. Harvill was injured when the truck he was driving

for his employer, Riteway Transport, Inc., skidded on an icy highway and crashed into an embankment. As a result of the accident, Harvill sustained injuries which permanently disabled him from returning to his former work as a truck driver.

Harvill's claim for compensation was accepted by the carrier, State Compensation Fund. On February 15, 1974, the Fund issued a Notice of Claim Status terminating Harvill's temporary compensation and medical benefits and discharging him with a scheduled, 25 per cent functional loss of use of the right leg as of January 15, 1974.

Two hearings were held challenging the Notice of Claim Status. Harvill claimed that his permanent disability should be rated as unscheduled rather than scheduled and that his condition was not yet stationary because of a residual mental disability which resulted from the industrial injury.

The hearing officer issued his decision on September 17, 1974 finding Harvill's condition resulting from his industrial injury became stationary on January 15, 1974 and that as a result of the injury Harvill sustained an unscheduled, 30 per cent functional loss of the use of the right leg. The hearing officer further concluded that Harvill was not afflicted with a compensable psychiatric injury or residual related to his industrial injury.

Both claimant, Harvill, and the Fund and employer petitioned for Writ of Certiorari. Harvill contests the finding of no compensable psychiatric injury and the employer and Fund contest the rating of the permanent disability as unscheduled rather than scheduled. The cases were consolidated on appeal. We find that the award of the hearing officer must be affirmed on both counts.

## IC 1268

■ The employer, Riteway Transport, Inc., and carrier, State Compensation Fund, contest the award of an unscheduled permanent partial disability by the hearing officer. Their position is that Harvill's

disability affected only his leg and that therefore he has a scheduled rather than unscheduled disability.

■ The criterion upon which it is determined whether an award should be "scheduled" or "unscheduled" is not the situs of the actual injury but rather the location of the residual impairment. *Arnott v. Industrial Commission,* 103 Ariz. 182, 438 P.2d 419 (1968); *Woppert v. Industrial Commission,* 14 Ariz.App. 72, 480 P.2d 687 (1971); *Bradley v. Industrial Commission,* 13 Ariz.App. 204, 475 P.2d 296 (1970); *Merrill v. Industrial Commission,* 11 Ariz. App. 564, 466 P.2d 783 (1970); *Pena v. Industrial Commission,* 10 Ariz.App. 573, 460 P.2d 1002 (1969). Consequently, an injury to the neck and shoulder might result only in impairment to the arm (*Arnott v. Industrial Commission,* supra) or an injury to the hip might result only in impairment to the leg (*Woppert v. Industrial Commission,* supra). The determination of the location of the resulting impairment must be established by expert medical testimony since it is not clearly apparent to the lay person. See *Cammeron v. Industrial Commission,* 98 Ariz. 366, 405 P.2d 802 (1965).

In this case, two experts testified with regard to the physical disability, Dr. Melvyn L. Goldsmith and Dr. Sidney L. Stovall, both orthopedic surgeons. Their testimony reflected that Harvill sustained two fractures of the right leg, the right femur and upper right tibia in the accident. Harvill had no actual injury to the hip joint itself. Their testimony also characterized the resulting disability as limitation of motion in the hip and knee. Regarding the hip, Dr. Stovall testified that the disability belonged to the hip joint which he defined as including the head of the femur and the acetabulum (socket). Harvill's testimony also described severe pain in the hip area. Dr. Stovall's conclusion was based on measurements of the limitation of motion in Harvill's hip plus the symptoms of pain as described by Harvill.

*Miller v. Industrial Commission,* 110 Ariz. 229, 517 P.2d 91 (1973) presented a similar situation of residual impairment. The medical testimony described the disability as a loss of function in the leg plus disabling pain in the hip region. The Court distinguished *Arnott v. Industrial Commission,* supra. In *Arnott,* the claimant had a neck and shoulder injury resulting in minimal loss of function in the arm; a scheduled injury. In *Miller,* the loss of function in the leg was coupled with disabling pain in the hip resulting in an unscheduled injury.

■ The hearing officer, after considering Harvill's and the experts' testimony, had reasonable evidence upon which he could find that this case was controlled by *Miller v. Industrial Commission,* supra; that is, loss of function of the leg plus disabling pain in the hip. The hearing officer's award will not be set aside if it is reasonably supported by the evidence. *Micucci v. Industrial Commission,* 108 Ariz. 194, 494 P.2d 1324 (1972); *Malinski v. Industrial Commission,* 103 Ariz. 213, 439 P.2d 485 (1968); *Gardner v. Industrial Commission,* 19 Ariz.App. 93, 505 P.2d 261 (1973).

## IC 1272

■ Harvill asserts that he suffered a psychiatric injury as a result of his industrial accident and was entitled to further medical care and treatment. Two psychiatrists testified with regard to Harvill's mental condition. Dr. Richard E. H. Duisberg stated that while he observed a variety of symptoms in Harvill, he was unable to form any opinion as to whether he suffered from any psychiatric disability. Dr. Duisberg testified that he would be unable to make a diagnosis until he saw Harvill's results on psychological tests and had further interviews with him.

The second psychiatrist, Dr. Maier I. Tuchler, testified that he had made a comprehensive psychiatric examination of Harvill and found him to be suffering from anxiety and depression. Dr. Tuchler stated that the condition was a direct result of his industrial injury. We agree with the hearing officer that Dr. Tuchler's testimony must be viewed as a whole and not by reference to isolated statements. Seen in its entirety, the hearing officer correctly characterized Dr. Tuchler's testimony:

"(a) applicant is anxious and depressed because of his physical residuals and his present and potential future situation;

(b) the anxiety and depression do not cause or contribute to applicant's residual physical impairment; (c) applicant may or may not benefit from psychiatric encouragement in accepting vocational rehabilitation."

■ At no time did Dr. Tuchler state that Harvill's psychiatric condition impaired him physically from returning to gainful employment. At best, the expert testimony showed that Harvill was suffering mentally because of his anxiety and depression, but that this did not increase his physical disability or contribute to his inability to return to truck driving. Workmen's compensation does not provide coverage for pain and suffering, whether mental or physical, when that pain and suffering do not impair the employee's ability to work and earn wages. *Koch v. Industrial Commission,* 70 Ariz. 283, 219 P.2d 773 (1950); *Phelps Dodge v. Industrial Commission,* 46 Ariz. 162, 49 P.2d 391 (1935). Dr. Tuchler's testimony reflected that it was his physical disability that impaired him from returning to work. At the time of the hearing, Harvill's anxiety and depression were causing mental suffering but did not affect his ability to return to work.

■ Harvill is incorrect in analogizing this case to that posed in *Brock v. Industrial Commission,* 15 Ariz.App. 95, 486 P.2d 207 (1971). In *Brock,* the aggravation of the petitioner's preexisting mental condition prevented him from functioning in his work even though petitioner suffered no actual physical injury. In Harvill's case, however, while he suffered a

mental injury, that injury does not affect his ability to function in a job situation. The test of a compensable mental injury does not require a particular physical manifestation of the psychiatric condition but only that the condition impairs the employee from functioning in the job setting. An employee may be physically sound and still have a compensable psychiatric disability. See *Brock v. Industrial Commission,* supra; *Bailey v. American General Ins. Co.,* 154 Tex. 430, 279 S.W.2d 315 (1955).

In this case, however, the psychiatric testimony did not support the contention that Harvill was functionally impaired by his mental condition but that his disability was solely related to his physical injury. At most, Harvill can be said to have had mental pain and suffering on account of his industrial injury, but that such pain and suffering was not compensable.

Harvill also claims that he was entitled to medical care and/or treatment for his psychiatric condition. "[A]lthough an employee is not entitled to *compensation* where a psychoneurosis, caused or aggravated by an industrial accident, does not disable him for work or adversely affect his earning capacity, an employee is entitled to medical treatment even if he has not been disabled." *McAllister v. Industrial Commission,* 88 Ariz. 25, 32, 352 P.2d 359, 364 (1960). In *McAllister,* the medical testimony indicated that the claimant needed treatment. Dr. Tuchler, however, testified that he did not know if Harvill needed or would benefit from psychiatric treatment. He opined that vocational rehabilitation and a return to gainful employment was all that would be needed to alleviate the condition.

Since medical treatment of the psychiatric condition was not clearly indicated, the hearing officer was justified in terminating medical benefits as well as temporary disability compensation.

The award is affirmed.

NELSON, P. J., and SCHROEDER, J., concurring.