628 P.2d 962

**E. Glenn OWENS, Petitioner-Employee,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Graphic Dimensions, Respondent-Employer,**

**State Farm Fire and Casualty Company, Respondent-Carrier.**

**No. 1 CA–IC 2424.**

Court of Appeals of Arizona, Division 1, Department C.

March 19, 1981.

Rehearing Denied April 17, 1981.

Review Denied May 27, 1981.

Robbins & Green, P.A. by Richard W. Abbuhl, Phoenix, for petitioner-employee.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Glen D. Webster, Jr., Phoenix, for respondent-employer and respondent-carrier.

## OPINION

O'CONNOR, Presiding Judge.

The issue presented in this Industrial Commission special action is whether the administrative law judge was correct in determining that petitioner had no residual permanent impairment, physical or mental, attributable to a second industrial injury to his right wrist. We conclude that the findings and award are reasonably supported by the record and affirm the award.

The pertinent facts are not in dispute. On December 23, 1974, petitioner suffered an industrial injury to his right wrist which was fractured when caught in the rollers of a printing press while petitioner was working as a lithographic pressman for a previous employer. After a lengthy healing process, interrupted by additional injuries to the wrist which were not related to petitioner's employment, a notice of claim status was issued by employer's insurance carrier on August 15, 1977, finding petitioner's condition to be stationary. The notice, which was based upon a report by Robert Wilson, M.D., terminated temporary benefits and found that petitioner had sustained a 40% permanent impairment of the right major arm, a scheduled injury. Petitioner was released for work. He found employment with the respondent employer, Graphic Dimensions, as a lithographic pressman in September, 1977.

On September 14, his first day at work for the respondent employer, petitioner lifted a packet of paper weighing ten to twenty-five pounds and felt a snap in his wrist. He was unable to continue work and reported the injury to his employer, respondent Graphic Dimensions. The attending physician determined that his right wrist had been refractured along the original fracture line of the prior December 23, 1974 injury. On October 18, 1977, respondent insurance carrier, State Farm Fire and Casualty Company, issued its notice of claim status denying petitioner's claim for benefits as to his second employer, taking the position that at the time of the second injury, his condition in relation to the first injury had not become stationary. A timely request for hearing was filed protesting the October 18, 1977, notice of claim status.

In the interim, on September 15, 1977, petitioner filed a request for hearing as to the first insurance carrier's August 15, 1977

notice of permanent disability alleging that because of a prior industrial injury in 1946, the December 23, 1974 injury should be treated as an unscheduled injury. In addition, on December 15, 1977, petitioner filed a petition to reopen the December 23, 1974 claim, but this petition was not administratively processed because the claim, as a result of the request for hearing, was considered open. Consolidated hearings were then held.

On March 17, 1978, the administrative law judge issued a consolidated award determining first, that the notice of permanent disability issued August 15, 1977, as to the December 23, 1974 injury was defective insofar as it awarded petitioner a scheduled disability. It was determined that as a result of the two scheduled industrial injuries occurring in 1946 and 1974 petitioner had sustained a physical functional disability of the whole man, and thereby sustained an unscheduled permanent partial disability. *Ronquillo v. Industrial Commission*, 107 Ariz. 542, 490 P.2d 423 (1971). The determination of loss of earning capacity was deferred to later proceedings in accordance with A.R.S. § 23-1047.

The award further determined that the December 23, 1974 injury had become stationary, and that the September 14, 1977 accident was a new injury and was the responsibility of the second employer and its insurance carrier. The award was affirmed at the administrative level, and a petition for special action was filed in this court by Graphic Dimensions and State Farm Fire and Casualty Company challenging the new injury determination. The award was affirmed by this court's memorandum decision filed June 26, 1979. (1 CA–IC 2038)

As to medical benefits and temporary disability resulting from the September 14, 1977 injury, respondent insurance carrier paid benefits until a group medical consultation report dated July 11, 1979 was filed stating that petitioner's condition had become stationary, and that there was no permanent impairment exceeding the 40% functional loss of the right major arm as previously rated by Dr. Wilson in his report of August 10, 1977. However, the report went on to state that it was the opinion of the physicians that the petitioner was not able to return to work as a pressman or any other type of occupation that requires hard physical work with the right upper extremity. This position was reiterated by one of the physicians, John H. Ricker, M.D., at the later hearings.

Based upon the group consultation report, respondent insurance carrier issued its notice of claim status on July 26, 1979, terminating temporary compensation and medical benefits and finding that petitioner had sustained no permanent disability as a result of the September 14, 1977 accident. Petitioner filed a timely request for hearing. At the hearing, petitioner testified that because of the recent injury, in combination with the previous injuries, he was afraid to return to work as a pressman. This fear of returning to work was described by Dr. Ricker as a natural fear resulting from the physiological condition of his arm. No evidence was presented by either a psychiatrist or psychologist indicating that petitioner suffered any mental condition apart from the fear described as a natural fear related to his bodily condition.

On April 22, 1980, the administrative law judge issued his decision upon hearing and findings and award for temporary disability. In pertinent part, the findings were as follows:

> The medical evidence is uncontroverted that applicant's condition referrable [*sic*] to his industrial injury of September 14, 1977, was stationary as of July 11, 1979.

> The medical evidence is further uncontroverted that applicant sustained no additional physical functional permanent impairment as a result of his industrial injury of September 17 [*sic*], 1977. He had a 40% functional loss of use of right major arm following closing out of a prior industrial injury and in 1979 the impairment to his right major arm did not exceed such rating. Although applicant testified that he no longer works as a pressman because of the possibility of reinjury, in the absence of additional permanent physical functional impairment attributable to his 1979 injury, applicant

sustained as a consequence no additional permanent disability.

Applicant has sustained no permanent physical or mental disability attributable to his industrial injury of September 14, 1977.

After petitioner's request for review at the administrative level was denied, a petition for special action was brought in this court.

In his opening brief, petitioner presents the question on appeal as follows:

When an employee reinjures himself and has a reasonable fear of returning to work as a result of the original injuries and the subsequent injury, does such fear constitute an additional disability attributable to the subsequent accident?

Petitioner cites Arizona case law for the general proposition that disabling mental conditions which are shown to be causally related to an industrial injury are compensable because they fall within the purpose of the Arizona Workmen's Compensation Act, A.R.S. § 23–901 et seq., which is to compensate for losses of earning capacity resulting from an industrial injury. Next, petitioner points to the fact that because of his fear of using his arm in physical labor, he cannot return to his former occupation as a printer/press operator and therefore has an increased disability or loss of earning capacity. Petitioner concludes that because the fear is partially related to the September 14, 1977 injury, the respondent employer and insurance carrier should be responsible for the enhanced disability. He asserts that his fear of reinjury of the arm if he returns to work is a compensable mental or psychic condition or disability.

It is true that an industrially-related disabling mental condition may be compensable. A.R.S. § 23–1043.01; see, e. g., Homack v. Industrial Commission, 18 Ariz.App. 598, 504 P.2d 539 (1972). However, in mental cases as in all other workmen's compensation claims, the claimant bears the burden of establishing all material elements of the claim. Reynolds Metals Co. v. Industrial Commission, 119 Ariz. 566, 582 P.2d 656 (App.1978).

■ "The test of a compensable mental injury does not require a particular physical manifestation of the psychiatric condition but only that the condition impairs the employee from functioning in the job setting." State Compensation Fund v. Industrial Commission, 25 Ariz.App. 316, 320, 543 P.2d 154, 158 (1975). All the parties here agree that petitioner's physical condition prevents his return to his former employment. However, there was no medical testimony or evidence that petitioner's mental condition in itself impairs his ability to function. Instead, the only medical testimony was that the fear was reasonable and natural, considering the repeated injuries to the arm and the medical advice not to return to work because of the substantial risk of reinjury. There was no medical testimony or other evidence that petitioner's fear is an abnormal mental, emotional, psychotic or neurotic injury, illness, or condition. A.R.S. § 23–901(10); see, e. g., Industrial Commission v. Saffeels, 150 Colo. 41, 371 P.2d 438 (1962); 1 B. A. Larson, The Law of Workmen's Compensation, § 42.22 at 7–597 (1980). Cf. Higgins v. Industrial Commission, 16 Ariz.App. 136, 491 P.2d 1138 (1971) (in which medical testimony failed to establish psychiatric impairment in addition to physical disability). Natural and normal fear which is not disabling in itself is not a compensable condition. By failing to present any evidence that the petitioner's fear itself was abnormal or disabling, petitioner did not meet his burden of proof. Thus the administrative law judge's findings and award were correct.

We recognize that petitioner's situation is different now than it was before the September 14, 1977 injury, in that he had previously been released to work as a pressman, whereas now the medical experts would advise him not to return to such work. However, his physical condition, including the risk of reinjury, and his reasonable fear of returning to work may be considered in the determination of petitioner's earning disability in relation to the December 23, 1974 claim. Kucko v. Industrial Commission, 116 Ariz. 530, 570 P.2d 217 (App.1977).

We also note that petitioner might have been able to establish that his risk of reinjury was itself an impairment of the whole function of the body justifying a permanent

unscheduled physical disability award under the rationale of *Langbell v. Industrial Commission*, 111 Ariz. 328, 529 P.2d 227 (1974). *Langbell* was followed in *Espey v. Industrial Commission*, 121 Ariz. 289, 589 P.2d 1321 (App.1978), which was factually similar to the case at bar. The transcript of the most recent hearing in this case shows that the administrative law judge mentioned *Langbell*, but the petitioner failed to present this argument either at the administrative level or before this court. Therefore we cannot decide the case on this basis.

We are aware of the recent amendment of A.R.S. § 23–1044(H)[1] which appears to legislatively overrule *Langbell* and *Espey*, at least insofar as those cases converted an otherwise scheduled disability into an unscheduled one. However, the amendment did not become effective until July 31, 1980, after the April 22, 1980 award here challenged.

The award is affirmed.

WREN and FROEB, JJ., concur.

---

1. A.R.S. § 23–1044(H) reads as follows:

Any single injury or disability listed in subsection B of this section which is not converted into an injury or disability compensated under subsection C of this section by operation of this section shall be treated as scheduled under subsection B of this section regardless of its actual effect on the injured employee's earning capacity.